IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GARTEISER HONEA, P.C., GARTEISER HONEA, PLLC, | § § § § § § § | CIVIL ACTION NO. 2:18-CV-00372-JRG |
| *Plaintiffs*, | | |
| v. | | |
| SCOTT MOSKOWITZ, BLUE SPIKE, INC., WISTARIA TRADING, INC., BLUE SPIKE, LLC, BLUE SPIKE INTERNATIONAL LIMITED COMPANY, | § § § § § § § § § | |
| *Defendants*. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Garteiser Honea, P.C. and Garteiser Honea, PLLC (collectively "Plaintiffs") filed the instant action on August 24, 2018. (Dkt. No. 1.) Plaintiffs amended their complaint a second, third, and fourth time on October 4, 2018, October 31, 2018, and November 28, 2018, respectively. (Dkt. Nos. 12, 20, 28.) Defendants Scott Moskowitz, Blue Spike, Inc., Wistaria Trading, Inc., Blue Spike, LLC, and Blue Spike International Limited Company (collectively "Defendants") filed separate motions to dismiss Plaintiffs' original, first, second, and third amended complaints for lack of subject matter jurisdiction. (Dkt. Nos. 11, 14, 23, 29.) Plaintiffs did not respond to Defendants' motions, but instead subsequently amended each complaint. For the reasons set forth herein, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' third amended complaint, (Dkt. No. 28).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court may consider the basis of its jurisdiction

*sua sponte* if necessary. *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) ("It is axiomatic that we must consider the basis of our own jurisdiction, *sua sponte* if necessary."); *Hall v. Linder*, No. 1:18-CV-00306-MAC, 2018 WL 4326852, at *1 (E.D. Tex. Aug. 7, 2018) ("Moreover, 'the court has an affirmative duty to raise [ ] issues regarding subject matter jurisdiction, *sua sponte*, whenever a problem with subject matter jurisdiction is perceived.'") (internal citation omitted).

A federal court has subject matter jurisdiction over two types of actions: (1) suits based upon a federal question and (2) suits presenting diversity of citizenship. Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists if "the matter in controversy exceed[s] the sum or value of $75,000" and the case is between "citizens of different states." 28 U.S.C. § 1332. If a court has original jurisdiction, it may exercise supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

In this case, Plaintiffs have not sufficiently plead subject matter jurisdiction. First, Plaintiffs' allegations do not present a federal question. The parties allegedly entered into a fee agreement in which Defendants agreed to pay Plaintiffs a hybrid fee to represent them "in the enforcement, licensing or sale of [Defendants'] patents and patent applications." (Dkt. No. 28 ¶¶ 18–19.) Plaintiffs allege that they "commenced enforcement actions and made appearances on behalf of [Defendants] [], pursuant to the Fee Agreement," but that Defendants refused to pay for their services. (*Id.* ¶ 23.) As a result, Plaintiffs have sued Defendants for (1) an accounting, (2) breach of contract, (3) quantum meruit, (4) fraud, (5) enforcement of contract for future licenses, settlements, and judgments, (6) enforcement of contract for proceeds from sale or partial sale of

patents, (7) punitive damages, (8) attorneys' fees, and (9) lien on settlements and lien defendants. (*Id.* ¶¶ 27–57.) None of these claims arise under federal law.

Plaintiffs allege that subject matter jurisdiction exists under 28 U.S.C. §§ 1367 and 1338 because "[a]t the time of the filing of this lawsuit, there existed patent infringement cases . . . relating to specific claims and against Defendants in this lawsuit" that are or were pending in the Central District of California, Northern District of California, and District of Delaware. (*Id.* ¶¶ 10–14.) The cases cited by Plaintiff, however, are not before this Court. As such, this Court has no jurisdiction over those actions, and accordingly cannot exercise supplemental jurisdiction over Plaintiffs' state law claims.

Second, there is no diversity between Plaintiffs and Defendants. Plaintiffs allege that they are residents of California and Texas, respectively. (Dkt. No. 28 ¶¶ 1–2.) In their original complaint, Plaintiffs alleged that Defendant Scott Moskowitz is a resident of Texas, (Dkt. No. 1 ¶ 3), and that Defendants Blue Spike, Inc., Wistaria Trading, Inc., and Blue Spike, LLC have principal places of business in Tyler, Texas. (*Id.* ¶¶ 4–6.) Defendants moved to dismiss the complaint, arguing there was no diversity jurisdiction. (Dkt. No. 11.) In an apparent attempt to cure this deficiency, Plaintiffs now allege that Defendants Scott Moskowitz and Blue Spike, LLC reside in Florida, and that Defendants Blue Spike, Inc. and Wistaria Trading have their "principal place of business registered with the Florida Secretary of State as 20191 East County Club Drive, #Townhouse 4, Aventura, Florida 33180." (Dkt. No. 28 ¶¶ 4–5.) However, within that same pleading, Plaintiffs also allege that this Court has personal jurisdiction over Defendants because "Blue Spike, Inc. Wistaria Trading, Inc. and Blue Spike, LLC" each have "their principal place of business [] in the Eastern District of Texas" and "Moskowitz . . . has a Texas identification card, maintains a residence in Tyler, Texas, and operates his business in Tyler, Texas." (*Id*. ¶ 15.)

3

"The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (internal citation omitted). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury*, 85 F.3d at 249 (internal citations omitted). In particular, courts may take judicial notice of matters of public record. *See* Fed. R. Evid. 201; *Wells Fargo Bank, N.A. v. Farkas*, No. 15-cv-00165, 2015 WL 6506405, at *2 (W.D. Tex. Oct. 26, 2015) (taking judicial notice of articles of incorporation in assessing diversity of citizenship). The Fifth Circuit has found that "publicly available [information] on [a company's] official website" may be considered "an authoritative source" in certain contexts where the facts a court is taking notice of may be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *United States v. Flores*, No. 16-40622, 2018 U.S. App. LEXIS 9738, at *6 n.1 (5th Cir. Apr. 18, 2018) (internal citation omitted).[1] Here, the Court takes judicial notice of Defendant Blue Spike, Inc.'s website, which lists as its principal place of business 1820 Shiloh Road, Suite 1201C (Building 3), Tyler,

---

[1] *See Baker v. St. Paul Travelers Ins. Co.*, 595 F.3d 391, 394 & n.8 (1st Cir. 2010) (taking judicial notice of an online PDF of the "Massachusetts Commercial Automobile Insurance Manual"); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (holding that the trial court erred in refusing to take judicial notice of historical retirement fund earnings of a corporation as shown on its website); *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n.1 (6th Cir. 2005) (taking judicial notice of a term defined on the website of the National Association of Securities Dealers, Inc.); *United States v. Johnson*, 979 F.2d 396, 401 (6th Cir. 1992) (taking judicial notice of a definition of "Adjustment Disorder" in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders to help determine whether the defendant qualified for downward departure from the sentencing guidelines); 2 McCormick on Evid. § 330, Facts Capable of Certain Verification (7th ed. 2016) ("Information obtained from online sources is becoming a frequently used basis for judicial notice. To this point, government and corporate websites and well-recognized mapping services are among the most commonly relied upon sources.")) (cleaned up); *see also Muller-Paisner v. TIAA*, 289 F. App'x 461, 466 n.5 (2d Cir. 2008) (judicial notice may be taken of the defendant's website for the fact of its publication).

Texas 75703.[2]  The Court also takes notice that the Florida address that Plaintiffs allege constitute Defendant Blue Spike, Inc's principal place of business is a residential condominium complex.[3]

The Supreme Court has made clear that "if the records reveal attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination in the absence of such manipulation." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010).  Plaintiffs' shifting of positions together with their contradictory allegations, including but not limited to their attempt to assert a fixed corporate address within a residential condominium, are precisely the types of "attempts at manipulation" condemned by the Supreme Court.  In light of the record evidence, the Court finds that Defendant Blue Spike, Inc. has its principal place of business in Tyler, Texas as reflected by the public record and Plaintiffs' own admissions regarding personal jurisdiction. (Dkt. No. 28 ¶ 15.)  As such, Plaintiffs have failed to show diversity of citizenship and the claims must be dismissed for lack of subject matter jurisdiction.

Based on the foregoing, the Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiffs' third amended complaint, (Dkt. No. 28).  It is further **ORDERED** that all attorney fees, costs, and expenses shall be borne by the party that incurred them.  All pending requests for relief not previously addressed by the Court are **DENIED AS MOOT**.  The Clerk is **DIRECTED TO CLOSE** the above-captioned case.

---

[2] *See* Contact Us, BLUE SPIKE, http://www.bluespike.com/contact-us/, (last visited Dec. 15, 2018).
[3] *See* Home Details, TRULIA,  https://www.trulia.com/p/fl/aventura/20191-e-country-club-dr-2307-aventura-fl-33180--2094106166, (last visited Dec. 15, 2018).

**So ORDERED and SIGNED this 17th day of December, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE